### 24162. JACKSON DISCOUNT COMPANY v. MERCK.

BROYLES, C. J. 1. Special ground 1 of the motion for a new trial, complaining of the admission of certain documentary evidence, is not complete and understandable within itself. It appears that the evidence was objected to on the ground that it was immaterial and prejudicial to the movant. This court, in order to ascertain whether the evidence was immaterial and prejudicial, would be obliged to refer to the pleadings or other portions of the record. *Cæsar* v. *State*, 22 *Ga. App.* 796 (97 S. E. 255); *McGuire* v. *State*, 29 *Ga. App.* 192 (114 S. E. 719). Furthermore, it is not stated in the ground how or why the evidence was prejudicial to the movant. *Hunter* v. *State*, 148 *Ga.* 566(2) (97 S. E. 523). The ground, therefore, raises no question for consideration.

2. The excerpt from the charge, complained of in special ground 2 of the motion, when considered in the light of the entire charge and the facts of the case, discloses no reversible error.

3. The excerpt from the charge, set out in special ground 3 of the motion, does not express or intimate an opinion by the court on the facts of the case.

4. Where a ground of a motion for a new trial is based on alleged newly discovered evidence, "it must appear by affidavit of the *movant* [italics ours] and each of his counsel that they did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence." Civil Code (1910), § 6086. In the instant case the ground based on alleged newly discovered evidence is fatally defective, in that no affidavit of the movant is set forth therein nor attached thereto.

5. The verdict was amply authorized by the evidence, and the refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED JANUARY 12, 1935.

*Dorough, Hope & Fox,* for plaintiff.
*R. W. Smith Jr.,* for defendant.